HARRY RUBOTTOM, Respondent, v. PIONEER LIFE INSURANCE COMPANY OF AMERICA, Appellant.

Springfield Court of Appeals, February 14, 1921.

1. **APPEAL AND ERROR: Appellant Must Point out Evidence Assigned as Erroneous.** An assignment of error to the erroneous admission of evidence is out of the case, where appellant made no attempt to point out what evidence was admitted to its damage.

2. **INSURANCE: Petition to Recover Agent's Commission after Merger, Held to State Cause of Action.** A petition by the agent of an insurance company alleging a contract with another company, whose business and obligations defendant took over by contract, and the procuring of the application by plaintiff, acting first as agent for the original company and later as agent for the successor, *held* to state a cause of action on the contract obligation assumed by defendant.

3. ———: **Appointment of Agent not Void Because Signed Only by Vice President.** Revised Statutes 1919, section 6318, requiring an

insurance company to have a president and secretary, both of whom shall sign all contracts, when considered with section 9753, providing that contracts may be implied on the part of corporations by the acts of an agent whose powers are of a general character, is directory and not restrictive, so that a contract appointing an agent for an insurace company was not void because signed only by the vice president.

4. ——: **Evidence Held to Sustain Recovery of Commission from Merged Corporation.** In an action for an insurance agent's commission, brought against the successor of the company with whom the agent had a contract, which successor had assumed the obligations of the other, evidence *held* to show that the insurance in controversy was procured through the agent's efforts and to entitle him to a commission.

Appeal from the Butler Circuit Court.—*Hon. J. C. Sheppard,* Special Judge.

AFFIRMED.

*John A. Gloriod, F. M. Kinder* and *Humphrey, Boxley & Reeves* for appellant.

(1) A legal cause of action must be stated. Jones v. Fuller, 38 Mo. 363. (2) A party cannot declare upon one cause of action and recover upon another and different cause. This rule is fundamental. Henry County v. Citizens Bank, 208 Mo. 209; Clements v. Yeates, 69 Mo. 623; Harris v. Railway, 37 Mo. 307; York v. Bank, 105 Mo. App. 127.

*Henson & Woody* for respondent.

BRADLEY, J.—Plaintiff sued to recover fifty per cent of a premium on a life insurance policy on the life of one A. W. Greer. The cause was tried before the court without a jury, and resulted in a judgment in plaintiff's favor, and defendant failing to get a new trial on motion prosecutes this appeal.

On November 9, 1917, plaintiff entered into a written contract with the American Life & Accident Insur-

ance Company by which plaintiff was appointed agent for said company for a district embracing Poplar Bluff and vicinity, and was to receive fifty per cent of the first annual premium on all business secured by said agency. On December 13, 1917, A. W. Greer of Poplar Bluff made application to said American Life & Accident Insurance Company for a policy of $25,000. This application was signed for the company by one W. W. Bolinger who was superintendent of agencies. Greer was in Kansas City, the home of the American Life & Accident Insurance Company, at the time he signed the application, but there is no serious contention that this application to the American Life & Accdent Insurance Company was not business originating in plaintiff's agency. Greer did not want the policy unless he could secure a loan of $50,000, and the matter of the loan delayed the matter of the policy. On February 7, 1918, while the matter of the loan was pending, the American Life & Accident Insurance Company entered into a contract of merger with defendant company by which contract the defendant company among other things agreed to carry out all the obligations and contracts of the American Life & Accident Insurance Company. A commission was convened in pursuance of the provisions of section 6141, Revised Statutes 1919, and on April 12, 1918, the merger agreement was approved. In November, 1917, and after plaintiff had solicited Greer, he, Greer, went to St. Louis to see about the loan he wanted, and not getting satisfactory results there he later went to Kansas City, and went to the office of the American Life & Accident Insurance Company, and called for Mr. Bolinger. Bolinger was connected with the American Life & Accident Insurance Company as above stated, and had met Greer at Poplar Bluff through plaintiff. On December 13, 1918, Greer, while in Kansas City, signed an application and was examined for a policy of $25,000 in the American Life & Accident Insurance Company. This application was signed by Bolinger for the company as above stated, but Joe W. Ingram, then

Vice President of the American Life Company, was present; and Ingram after the merger appeared on the letter head of the defendant as Vice President. Later Ingram as the representative of defendant went to Poplar Bluff, examined plaintiff's security for the loan, and finding the security satisfactory, the loan was approved. On March 21, 1918, Ingram was again at Poplar Bluff and on that date the loan was closed, and the money paid over. On same day in Poplar Bluff Greer signed an application taken by Ingram for a $25,000 policy in the defendant company. The policy was delivered June 10, 1918, but dated from April 1, 1918. When the money on the loan was paid over Ingram deducted the premium on the policy which was later issued. While in Poplar Bluff on March 21, 1918, Ingram and plaintiff were together, and according to plaintiff the Greer Insurance was considered as plaintiff's business.

The above are the material facts developed by plaintiff at the trial. Defendant offered no evidence. Defendant makes three assignments. First, that the petition states no course of action and that its demurrer thereto should have been sustained; second, that the court erroneously admitted incompetent and irrelevant evidence, and third, that the court erred in overruling defendant's demurrer at the close of the case. Defendant makes no attempt to point out what evidence was admitted to its damage, and that assignment is out of the case. Plaintiff alleges in his petition that on November 9, 1917, the American Life & Accident Insurance Company through its Vice-president, Joe W. Ingram, made a contract with him by which he was appointed agent for said company for a district embracing Poplar Bluff and vicinity, and that he was to receive fifty per cent of the first annual premium on all business secured by his agency. The contract was filed with the petition, and made a part thereof. That the Greer application to the American Life & Accident Life Insurance Company was secured through plaintiff, and that immediately thereafter the said American Life and defendant be-

gan negotiations to consolidate or merge, and that the merger was consummated; that by the terms of the merger agreement the defendant company took over the American Life and assumed all of its obligations and contracts, and in effect that plaintiff became the agent of defendant. A certified copy of the merger agreement was filed with the petition and made a part thereof. That defendant company took advantage of plaintiff's efforts and took an application from Greer for a policy of $25,000, issued the same and collected the premium. Then plaintiff alleges that by reason of the facts alleged defendant became indebted to him for the amount sued for, that demand had been made and payment refused. These are the salient facts alleged in the petition. Defendant analyzes the petition in its brief and says that plaintiff attempted to state a cause of action on contract, but that such could be done in only two ways. First, by charging that he had a contract with defendant, either direct or indirect; second, that the American Life became indebted to him on contract, and that defendant assumed the obligation. Plaintiff did in effect allege that he had a contract with defendant. He pleaded that he had a contract with the American Life, and that the defendant assumed the burdens of that contract. It was not necessary to allege that the American Life became indebtd to plaintiff. Plaintiff's petition proceeds on the theory that defendant agreed to carry out the agency contract he had with the American Life, and that the Greer application and policy were obtained through him after the contract of merger by which defendant agreed to assume the burdens of plaintiff's contract. The petition might have been more definite, but we think there is a cause of action stated.

On the demurrer to the evidence. Defendant makes the point that the contract between plaintiff and the American Life was void, and if so, then defendant assumed no obligation. This contention is based on section 6318, Revised Statutes 1919, and the fact that only

the vice-president of the American Life signed plaintiff's contract. This section provides that every company organized under the chapter in which the section appears or under any general or special law shall have two chief officers, one of whom shall be known as the president and one as the secretary, and that all contracts made by the company shall be signed by both of said officers. The section also provides that such company shall have one or more vice-presidents and an assistant secretary, which latter officers in the absence of the president and secretary shall have all the powers of and perform all the duties of the president and secretary. By the strict letter of the statute plaintiff's contract should have been signed by two officers who under the facts obtaining at the time had authority to act for the company. Section 9753, Revised Statutes 1919, provides among other things that contracts may be implied on the part of corporations by the acts of an agent whose powers are of a general character. This section also provides that parol contracts of a corporation may be binding if made by an agent duly authorized by a corporate vote or under the general regulations of the corporation. Section 6318 should be construed in connection with section 9753. In King v. Ins. Co., 195 Mo. 290, 92 S. W. 892, practically the same legal question was raised as here, and it was held that such statutory provisions as relied on here are directory and not restrictive. We hold, therefore, that plaintiff's contract was not void by reason of the manner of its execution.

It is next contended that the evidence is not sufficient to support the finding and judgment. What we have said in the statement of facts we think is sufficient to dispose of this assignment. The record shows that plaintiff after the merger continued as the agent of defendant. If not under the contract with the American Life then he had no contract as that is the only contract plaintiff claimed to have. The application on March 21, 1918, was after the contract of merger, and Greer testified that there was no lapse in the negotiations for the

policy and loan from the time that plaintiff first approached him to sell him some insurance. Greer also testified that when Ingram took the application on which the policy was issued that Ingram told him that it would be necessary to make the application on one of defendant's forms because "the American Life was going into the Pioneer Life." Another fact not without significance is that on March 21, 1918, the day that the application was taken on which the policy was issued, Ingram paid over to Greer the loan money, less the premium and $3000. The $3000 was retained for awhile pending the settlement of a question of waiving an indemnity bond in connection with the title to the security for the loan. There is no controversy about Greer being plaintiff's prospect up until March 21, 1918. And Ingram's acts and conversations on March 21st clearly show that at that time there was no intention of eliminating plaintiff. That defendant got in touch with Greer through plaintiff is scarcely challenged. Defendant relies on Henry County v. Citizens Bank of Windsor, 208 Mo. 209, 106 S. W. 622, to support its contention that there was no contractual relation shown between plaintiff and defendant. In that case there was no state of facts like those in the case at bar pertaining to contractual relations, and we find no support in the Henry county case for defendant's position. We recognize the rule that a plaintiff cannot sue on one cause of action and recover on another, but such is not the *status* of the instant case. Plaintiff sued on the contract which he alleged defendant had assumed, and the court's finding supported by the evidence was accordingly. The judgment should be affirmed, and it is so ordered. *Farrington, J.,* concurs. *Cox, P. J.,* not sitting.